CHICAGO—FIRST DISTRICT—MAY, 1916.     369

Chicago Steel Foundry Co. v. Andresen-Evans Co., 199 Ill. App. 369.

tunnel and that defendant knew or by the exercise of ordinary care should have known of the presence of the gas and that it was capable of producing injury, and that plaintiff did not know and did not have equal opportunity with defendant of knowing thereof at the time of the injury.

2. EVIDENCE, § 466*—*when circumstantial evidence insufficient.* When circumstantial evidence is relied on to prove a fact, the circumstances must be proved and not themselves presumed.

3. EVIDENCE, § 23*—*when one presumption not basis for another,* A presumption of fact is not alone a legitimate foundation for a second presumption of fact.

4. MASTER AND SERVANT, § 683*—*when evidence insufficient to support a verdict.* In an action by a servant for personal injuries, evidence examined and *held* insufficient to support a verdict for plaintiff.

---

## Chicago Steel Foundry Company, Defendant in Error, v. Andresen-Evans Company, Plaintiff in Error.

### Gen. No. 21,734.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ARTHUR J. GRAY, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed May 1, 1916.

### Statement of the Case.

Action by the Chicago Steel Foundry Company, plaintiff, against the Andresen-Evans Company, defendant, for the contract price of six tray lips for grabbuckets manufactured by plaintiff for defendant. There was a judgment for plaintiff for $152.62, to reverse which defendant prosecutes this writ of error.

The evidence showed that the lips were made pursuant to a written order. The specifications, so far as material, were that "the lips are to be of vanadium

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

370     APPELLATE COURTS OF ILLINOIS.

Chicago Steel Foundry Co. v. Andresen-Evans Co., 199 Ill. App. 369.

cast steel, 35 to 45 per cent. carbon annealed, to be true to pattern, not warped * * * the metal in cutt'ng edges, solid and of the best quality." The contention of defendant was that the lips contained defects rendering them worthless and that they were not made according to the specifications contained in the order. Defendant also gave notice of a set-off and counterclaim for $951. The contract provided that the lips should be made according to blue print and pattern furnished by defendant, and defendant on the trial admitted that they were so made. The lips contained the specified amount of carbon and were properly annealed, and the amount of vanadium fixed by the custom of the plaintiff in the manufacture of its products was added to the steel in casting.

WEST & ECKHART, for plaintiff in error.

LOESCH, SCOFIELD & LOESCH, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 252*—*what not sufficient to constitute breach of contract.* Where one ordering an article to be manufactured directs it to be made in a certain shape or style and of certain ingredients and the manufacturer complies with these directions, he is not liable for injuries arising from the failure of the article to serve the purpose for which it was intended.

2. SALES, § 251*—*when manufacture of article according to custom of manufacturer a compliance with contract.* Where a contract for the manufacture of certain articles provides that they are to be of "vanadium cast steel," without specifying the percentage of vanadium, the manufacturer sufficiently complies with the contract if he uses the percentage of vanadium fixed by his custom in the manufacture of his products.

3. SALES, § 329*—*when evidence sufficient to support verdict.* In an action to recover the contract price of certain articles, evidence examined and *held* to support the verdict.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.